Good morning, Your Honors. John Wallenstein on behalf of Mr. Brazoban. This case was, Mr. Brazoban was sentenced prior to this Court's decision in Majorana. Majorana clearly says that the district court must pronounce the conditions of supervised release at the time of sentencing, at the sentencing hearing, not in the written judgment. But the key question here, I think, is, I don't think anybody disagrees that Judge Azraq did not fully pronounce the conditions of release. She relied instead on defense counsel to have explained them to Mr. Brazoban either through the pre-sentence report, which did detail the conditions, or through her own memorandum. Her memorandum contained some typos that made it particularly confusing and not matching the actual written judgment. But leaving that aside for a minute, I think the key here is, Mr. Brazoban appeared before the Court having spent his entire educational career below the ninth grade. He failed the ninth grade four times. He failed the GED test twice while he was in MDC prior to sentencing. He had some serious learning difficulties. He had mental health issues, which is obvious from the nature of the case. I just want to go back to something you said and clarify it. Everything, the conditions, particular 6 and 8, were set forth correctly word for word in the PSR, is that right? They were, yes. And counsel said that he had reviewed the PSR with the client and the court referenced, the district court referenced the PSR's conditions at the sentencing hearing. Is that right? That's what he said, yes. I think, however, that that's not sufficient. I don't believe that the district court can delegate that authority to counsel to have explained what are clearly detailed conditions. If you look at the written judgment and you look at the PSR, the conditions that we're talking about take up a couple of pages, single-spaced, tiny font. So what's required of the district court? I think that the district court is required to orally, at the very least, provide a detailed summary to Mr. Brazoban in open court and ask him if he understood. He said, Charlie Millione, the Federal Defender, said, I reviewed them with Mr. Brazoban and I don't have any objections. There's no question that he said those words. But the question is, did Mr. Brazoban understand? I'm sure Mr. Millione understands. The question is, did Mr. Brazoban really understand? He was monosyllabic at the sentencing hearing. He said, no, Your Honor, yes, Your Honor. That's all he said. He made no statement on his own behalf. He clearly had mental health issues and learning disabilities. There's no indication that he understood. And the fact that Judge Azraq said, well, because of the nature of this crime, probation is going to have to monitor your computers. That's unparaphrasing. But the computer condition that she actually imposed in the – that was – it was in the PSR and that appears in the written judgment is far more detailed than that. It involves what he can and cannot do with a computer, who he can contact, what rights probation has to review it. I'm a little bit confused because before I thought you said that a summary would have sufficed and now you're talking about the details. I mean, isn't it plausible that a client might be more inclined to be able to ask questions and understand what's going on when they're in a relationship or when they're in a conversation with just their lawyer as opposed to open court? Well, I think clients are more inclined – in my experience, they're more inclined to talk to me in my office or in the jail than they are to speak in a courtroom. I understand that. Lots of people can't speak in courtrooms. But I think what I'm saying is the condition is so detailed that I think that Judge Ansreich had an obligation to go through it, maybe not verbatim, but certainly in much more detail than, you know, probation's going to look at your computer. And I don't think it's clear, even though Mr. Milione said that he had reviewed all the conditions, I don't think the judge sufficiently established that the defendant himself actually understood what were some pretty detailed conditions. And I think she should have done so. With respect to the issue of waiver, because the government raises that point, in every situation where this court and others have found a waiver, they require that it be a knowing and intelligent waiver, the relinquishment of a known right. There's no indication here that Mr. Brazavan actually knew, if he was, in fact, waiving through counsel the oral reading of the conditions, that he actually knew that. And I'm not sure that – I understand my errata to say if the judge doesn't pronounce them orally, she has to at least provide a written details of the conditions. But I don't – again, I don't think that that is – was sufficiently covered in this case, in this sentencing allocution. So unless – Can I just add – Yes. You haven't raised an issue with respect to the standard conditions. Can I understand that right? No. With respect, Judge Nathan, that's not what I'm saying. What I'm saying is, based on my errata, the mandatory conditions do not have to be either pronounced at the oral pronouncement of sentence or a written summary of that provided. But the standard conditions – I read my errata to say that the standard conditions are discretionary. I'm aware. I just haven't seen you raise it in a – we get 28J letters. You're asking for remand for the standard conditions? Have you raised that? I don't think I raised that in this case. I'm more concerned with the special conditions in this case. I just want a clarification. You've focused on the special conditions, and I understand your arguments in that regard. I just wanted to make sure you have not, and if you did, where, raised any argument under my errata via the standard conditions. I think under my errata they're comparable, but I'm not raising them with respect to the standard conditions, only with respect to the special conditions, because they are so complex and detailed. Understood. Thank you, counsel. You're reserved a few minutes for rebuttal. Thank you, Judge. Good morning, Your Honors, and may it please the Court. I'm Bradley King, and I represented the government in the district court proceedings in this case. This Court should affirm the judgment of the district court because the defendant was provided with ample notice of the special conditions of supervised release that were part of his sentence in the presentence investigation report. In a pre-sentencing memorandum that the defendant and his counsel signed to confirm that they reviewed it after they were directed to review it by the district court. In the district court's summary of the special conditions of supervised release at sentencing. In the district court's confirmation at sentencing that the defendant and his counsel had reviewed the PSR, had reviewed the court's three-page memorandum, had no questions or objections with respect to those documents, and that they understood the special conditions of supervised release set forth in them. As such, the sentencing proceeding here properly protected the defendant's substantial rights, and he cannot satisfy the plain error review standard. In addition, he has waived any challenge to the special conditions of his supervised release because the district court asked him directly and explicitly whether he understood those conditions, and he responded no. District court made a similar inquiry to defense counsel, who also responded. Is that the same as waiving oral reading? Yes, Your Honor. I think it is in this case because the defendant was asked directly, had an opportunity to object, and did not do so. And this court's precedence makes clear that in scenarios where that occurs, that does effectuate a waiver. In this case, the defendant had ample notice of the conditions and ample opportunity to object and seek clarification. And that opportunity to object and seek clarification did not only happen in open court. It happened before the proceeding where defense counsel was directed by the court to review all the special conditions with the defendant and to ensure that he understood them. Now, in that scenario, defense counsel was aided not only by the three-page memorandum, which essentially tracked verbatim the PSR special conditions, but of course defense counsel and the defendant had access to the PSR for about five months prior to the sentencing, which set forth all the same special conditions with minor typographical errors. Well, so the error in Special Condition 8 is, I mean, minor in the sense that it's just the omission of two lines, but it seems to result in the memo's description or recitation of that condition is not sensible. You're right, Your Honor. It's true that grammatically it does not track perfectly what's in the PSR. I guess I'm saying it's not a grammatical issue. It's a substantive. I mean, it doesn't make sense without two lines. That's a fair reading of it in isolation. But in reference to the PSR, which has the exact same provision, and if you reference both of them, you can easily see that it is a typographical error and not a substantive error, and in light of the context here where the district court is directly asking, first of all, telling the parties that it intends to impose the special conditions set forth in the memorandum and ensuring that the parties have reviewed and reviewed the PSR and the defendant has reviewed the PSR with his counsel, there's no substantial error here, because had there been any direction, had the defendant responded or the defense counsel responded to the court's direction regarding whether there were any objections or questions, the court simply would have said that it intended to impose the conditions set forth in the PSR and would have just clarified as such, which eventually happened in the written judgment. So while there was a typographical difference between the PSR and the memorandum, it's not a substantial difference. The defendant has waived any challenge to it, and in any event, as defense counsel alluded to, this case certainly comported with Majorana. The district court took pains to make sure that the parties were aware what special conditions were going to be imposed. To the extent there was an error, it was an error that was not substantive, and the district court invited comment on it, objection to it, and there was no objection because the government submits that a fair reading of the PSR in context of the court's memorandum was simply that the court intended to impose the special conditions that were set forth in the PSR. And so for that reason, for those reasons, Your Honor, the judgment of the district court should be affirmed in all respects. Thank you, counsel. We'll hear rebuttal. Just very briefly because I think I've said most of what I needed to, but with respect to the issue that you raised, Judge Park, it's clear from reading the memorandum that there is a substantive difference between that and the written judgment conditions. And if defense counsel had actually read those conditions and reviewed them with the defendant, he surely would have noticed that and pointed it out. I suspect, I do not know, but I suspect that he just glossed over it and read the conditions from the PSR. He knew what they were supposed to say, but that's not what they said. And again, they were not orally pronounced at the time of sentencing. So I think under the circumstances here, given the defendant's personal situation, his learning disabilities and mental health issues, given the clear error in the memorandum and the fact that the written judgment is quite detailed and the only mention of the special conditions in the oral sentencing hearing is a scant paragraph saying, referencing just a couple of those conditions, I think because of that that this Court needs to remand this case for resentencing with respect to those conditions. Thank you, counsel. Thank you both. We will take the case under review.